MOORE, J.
CONCURS IN PART, SAYING:
 {¶ 13} I concur in the result reached by the majority, but write separately to address an analysis of the provision under which Appellant was charged. At the outset, this case appears to have resulted from failed communication. Appellant, noticing a man lying in the front yard of his home is understandably concerned and calls the police. While waiting for the police to respond, he goes out to investigate and, not knowing what danger might be lurking, takes a bat with him for protection. When the police arrive, responding to a "man down" call, they find a man waving a bat. They understandably are alarmed and order him to put down the bat. They have no way of knowing who placed the call or what role this man might have played in the condition of the "man down".
 {¶ 14} Had this case come before this Court on review of a motion to suppress, the thoughts and perceptions of the officers at the time they made the arrest would be paramount in our consideration. See Beck v.Ohio (1964), 379 U.S. 89, 91 ("Whether [an] arrest was constitutionally valid depends * * * upon whether, at the moment the arrest was made, the officers had probable cause to make it-whether at that moment the facts and circumstances within their *Page 8 
knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense"). This case, however, presents itself in the context of a sufficiency determination following a jury verdict of guilty. We must then determine, as a matter of law, whether the evidence before the jury was legally sufficient to support a conviction. State v. Moneypenny, 9th Dist. No 03CA0061, 2004-Ohio-4060, at ¶¶ 9-10. We undertake this review by viewing the evidence in a light most favorable to the prosecution, and determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. Id. at ¶ 9.
 {¶ 15} The ordinance under which Appellant was charged, Akron City
Code Section 137.02(A) provides as follows:
"Except as otherwise permitted by law, no person shall carry on or about his person a pistol, a knife having a blade two and one-half inches in length or longer, knuckles, a billy or other dangerous ordnance or deadly weapon without proper justification. `Proper justification' includes, but is not limited to, the right of law enforcement officers and other persons specifically authorized by law to be armed within the scope of his or her duties. This section does not apply to a person who is engaged in a lawful business or pursuit justifying possession of such an item and the person did not use or intend to use the item as a weapon. It shall be an affirmative defense to a violation of this section that the defendant was at the time engaged in a lawful business, calling, employment or occupation and the circumstances in which he was placed justified a prudent man in possessing such a weapon for the defense of his person, property or family." *Page 9 
 {¶ 16} The term "proper justification" is not defined, but examples are provided which include, but do not limit the class to law enforcement officers "and other persons specifically authorized by law to be armed within the scope of his or her duties." While it is clear that the list is not exhaustive, it is also apparent that the classification was not intended to extend to homeowners protecting their property. It is also clear that Appellant is neither a member of law enforcement nor one who is specifically authorized by law to be armed within the scope of his duties. Neither does Appellant fall within the exception of persons "engaged in a lawful business", as there was no evidence in the record to suggest that he was acting in any business or professional capacity at the time of his arrest. The ordinance also excepts from criminal liability one who is engaged in a "pursuit justifying possession of such an item[.]" I read the clause "engaged in a lawful business or pursuit" to suggest a professional pursuit rather than to include a pursuit, for example of an individual on someone's property. As stated above, Appellant is not embraced in this exception. Even if we were to read "pursuit" more broadly to encompass his action in pursuing the person lying in his front yard, the ordinance contains a conjunctive "and" which includes a showing that Appellant did not use or intend to use the item as a weapon.
 {¶ 17} Even if Appellant was upset that he was the person who called the police for help and felt it unfair that the officers directed him to drop the bat, his conduct toward them after dropping the bat, i.e. using profanity, flicking the *Page 10 
cigarette toward the officer, taken together with his declaration that he was going to pick up the bat again provided sufficient evidence upon which a reasonable jury could conclude beyond a reasonable doubt that at that time, he possessed the bat as a weapon.
 {¶ 18} Accordingly, I concur in the result reached by the majority. *Page 1